## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **No. 18-CR-** |
| | : | |
| | : | **VIOLATION:** |
| **v.** | : | **18 U.S.C. § 1347** |
| | : | **(Health Care Fraud)** |
| | : | |
| | : | |
| **VINCENT NJONG,** | : | **FORFEITURE:** |
| | : | **18 U.S.C. § 982(a)(7);** |
| **Defendant.** | : | **21 U.S.C. § 853(p)** |
| | : | |

## INFORMATION

The United States Attorney hereby charges that:

## COUNT ONE

Between on or about September 3, 2012 through April 18, 2014, in the District of

Columbia, the defendant, Vincent Njong, knowingly and willfully executed a scheme and artifice

to defraud Medicaid, a health care benefit program as defined in Title 18, United States Code,

Section 24(b), in connection with the delivery of, and payment for, health care benefits, items,

and services.  Specifically, during the relevant period, the defendant was a registered home

health care aide with a National Provider Identifier ("NPI") number ending in 1947.  The

defendant used his NPI number ending in 1947 to submit fraudulent timesheets to two home

health care agencies located in the District of Columbia for services that he did not provide to

Medicaid beneficiaries residing in the District of Columbia, and some of which were tainted by

the payment of illegal kickbacks to the beneficiaries.  The defendant knowingly caused the two

home health care agencies to submit the fraudulent timesheets to Medicaid for payment, in

violation of Title 18, United States Code, Section 1347.

(**Health Care Fraud**, in violation of Title 18, United States Code, Section 1347.)

## FORFEITURE ALLEGATION

1.      Upon conviction of the offense alleged in Count One, the defendant shall forfeit to

the United States, pursuant to Title 18, United States Code, Section 982(a)(7), any property, real

or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to

the commission of the offense.  The United States will also seek a forfeiture money judgment

against the defendant in the amount of $43,209.00.

2.      If any of the property described above as being subject to forfeiture, as a result of

any act or omission of the defendant:

      (a) cannot be located upon the exercise of due diligence;

      (b) has been transferred or sold to, or deposited with, a third party;

      (c) has been placed beyond the jurisdiction of the Court;

      (d) has been substantially diminished in value; or

      (e) has been commingled with other property that cannot be divided without

        difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value

of the property described above, pursuant to 21 U.S.C. § 853(p).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Section
982(a)(7) and Title 21, United States Code, Section 853(p).)

Respectfully Submitted,

JESSIE K. LIU
United States Attorney
For the District of Columbia
D.C. Bar No. 472845

By:           

DENISE A. SIMMONDS
Assistant United States Attorney
D.C. Bar No. 437960
United States Attorney's Office
For the District of Columbia
555 Fourth Street, N.W, Room 5229
Washington, D.C. 20530
(202) 252-7284
Denise.Simmonds@usdoj.gov